**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:  Advanced Telecommunication Network, Inc.,**
**Bankruptcy Case No. 6:03-Bk-299-KSJ**

---

**DANIEL W. ALLEN and DAVID D. ALLEN,**

      **Appellants,**

**-vs-**                 **Case No.  6:10-cv-381-Orl-28**

**ADVANCED TELECOMMUNICATION NETWORK, INC.,**

      **Appellee.**

---

**ADVANCED TELECOMMUNICATION NETWORK, INC.,**

      **Appellant,**

**-vs-**                 **Case No.  6:10-cv-731-Orl-28**

**DANIEL W. ALLEN, DAVID D. ALLEN,**

      **Appellees.**

---

# ORDER

Before the Court are two motions for stays pending appeals in two related bankruptcy cases: case number 6:10-cv-00381-JA ("381 Appeal") and case number 6:10-cv-00731-JA ("731 Appeal").  Both cases involve disputes between Daniel W. Allen and David D. Allen

(collectively "the Allens"), and Advanced Telecommunication Network, Inc. ("ATN"). These cases are now before the Court on the Following Motions:

> (1) in the 381 Appeal: the Allens' Renewed Motion for Stay Pending Appeal (Doc. 40), ATN's response thereto (Doc. 41), and the Allens' reply to ATN's response (Doc. 47);
>
> (2) in the 731 Appeal: the Allens' Renewed Motion for Stay Pending Appeal (Doc. 17), ATN's response thereto (Doc. 19), and the Allens' reply to ATN's response (Doc. 24)

As discussed below, both motions must be denied.

## I. Background

After ATN filed for Chapter 11 bankruptcy, it commenced an adversary proceeding against the Allens to recover $6 million that it claimed was fraudulently transferred to the Allens. The bankruptcy court entered judgment for the Allens, which ATN appealed to this Court. Prior to this Court's ruling, ATN and the Allens reached a settlement agreement dismissing "all existing claims, disputes and lawsuits . . . except for the Adversary Appeal." (Settlement Agreement, 381 Appeal Doc. 18-1 at 4). This Court then affirmed the bankruptcy court judgment, but the Eleventh Circuit Court of Appeals reversed and remanded the case to the bankruptcy court. In re Advanced Telecomm. Network, Inc., 490 F.3d 1325 (11th Cir. 2007). Following remand, the bankruptcy court entered final judgment for ATN.

The Allens subsequently appealed from that judgment (the 381 Appeal) and moved the bankruptcy court for a protective order staying all post-judgment discovery by ATN pending the outcome of the 381 Appeal. The bankruptcy court issued the protective order, which ATN appealed (the 731 Appeal). In its August 31, 2010 order ("Order at Issue") (381

Appeal Doc. 34), this Court dismissed the 381 Appeal, finding that it was prohibited by the settlement agreement, and vacated the bankruptcy court's protective order. Pursuant to Federal Rule of Bankruptcy Procedure 8005 and Federal Rule of Appellate Procedure 8(a)(2), the Allens now seek a stay of that order pending their appeal to the Eleventh Circuit. (381 Appeal Doc. 40; 731 Appeal Doc. 17).

**II. Legal Standard**

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." Henkel v. Lickman (In re Lickman), 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003) (citations omitted). In order to obtain a stay pending appeal, the movant must clearly establish:

> (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest.

Jet 1 Ctr., Inc. v. City of Naples Airport Auth. (In re Jet 1 Center, Inc.), No. 2:05 CV 568 FTM 29DN, 2006 WL 449252, at *1 (M.D. Fla. Feb. 23, 2006) (quoting Tooke v. Sunshine Trust Mortg. Trust No. 86-225, 149 B.R. 687, 689 (M.D. Fla. 1992). Furthermore, "[t]he movant must show 'satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion.'" In re Lickman, 301 B.R. at 742 (quoting In re Brown, 290 B.R. 415, 424 (Bankr. M.D. Fla. 2001)).

**III. Analysis**

    A. Likelihood of Success on the Merits

"A 'likelihood of success is shown when the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberate inquiry.'" In re Lickman, 301 B.R. at 743 (quoting Colo. Pub. Utils. Comm'n v. Yellow Cab Coop. Ass'n (In re Yellow Cab Coop. Ass'n) 192 B.R. 555, 557 (D. Colo. 1996)).

The Allens argue that there is a strong likelihood that the Eleventh Circuit will reverse and remand the Order at Issue because the settlement agreement is ambiguous and therefore this Court erred by not remanding for evidence regarding the parties' intent. (381 Appeal Doc. 40 at 5). ATN counters that the Allens asserted before both the bankruptcy court and this Court that the Settlement Agreement was unambiguous (381Appeal Doc. 41 at 13-14), and therefore cannot now argue that it is ambiguous because "[a] party waives an appellate argument that is not raised below," (id. at 14). The Allens fail to address this argument in their reply, but a review of the record supports ATN's position.

It is well-established that an issue not raised at the trial court level "should not be considered on appeal." Norelus v. Denny's, Inc., 628 F.3d 1270, 1296 (11th Cir. 2010) (citing Bryant v. Jones, 575 F.3d 1281, 1296 (11th Cir. 2009)); see also Fannin v. United Space Alliance, LLC, 392 F. App'x. 788, 790 (11th Cir. 2010) (refusing to address the merits of appellant's claim because he "never advanced the legal argument below that he now raises on appeal"). Nowhere in the record have the Allens previously argued that the Settlement Agreement was ambiguous; in fact, they have argued quite the opposite–that the Settlement Agreement is clear and unambiguous. (See Appellees' Answer Brief, 731 Appeal Doc. 9 at 3, 6 ("This language in the [Settlement] Agreement is unambiguous"; "Because

the parties' intent is clear on the face of [the Settlement] Agreement . . . the parties' agreement must be enforced."); see also 381 Appeal Doc. 34 at 5 ("[B]oth ATN and the Allens maintain that the language of the Settlement Agreement is plain and unambiguous."); 381 Appeal Doc. 26 at 4-5 (arguing that ATN's motion to dismiss should be denied because of the language of the Settlement Agreement, but failing to mention any ambiguity in the agreement)).  Therefore, it is unlikely that the Allens will succeed on appeal.

### B.  Irreparable Injury to the Allens

"An injury is 'irreparable' only if it cannot be undone through monetary remedies . . . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.'" Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)).  Furthermore, "[t]he irreparable harm must be neither remote nor speculative, but actual and imminent." In re Lickman, 301 B.R. at 748 (internal quotations omitted) (citation omitted).

The Allens argue that "[a]bsent a stay, [they] will be required to divulge personal and privileged financial information, trade secrets, and information belonging to third parties that are not before the Court."  (381 Appeal Doc. 40 at 6).  However, the Allens fail to elaborate beyond that single statement, and they do not explain why a stay–rather than a protective order–is necessary to protect their interests.

The Allens also assert that they will suffer irreparable harm due to the legal expenses arising from this litigation and the possibility that "David Allen may have to file a Chapter 7 bankruptcy proceeding."  (381 Appeal Doc. 40 at 6).  However, the litigation expenses are not irreparable injury because legal remedies–*i.e.*, money damages–are adequate to protect

the Allens from this injury. See In re F.G. Metals, Inc., 390 B.R. 467, 477 (Bankr. M.D. Fla. 2008) ("[T]he party seeking the stay 'generally must show that legal remedies (i.e., money damages) are inadequate to protect it during the pendency of the appeal.'" (quoting In re Cusson, No. 06-10195, 2008 WL 594456, at *3 (Bankr. D. Vt. 2008))). Additionally, the *possibility* that a party *may* have to file bankruptcy, without anything more "actual and imminent," is too speculative to constitute irreparable injury. Accordingly, even if the Allens could show that they had a likelihood of success on the merits of their case, they have failed to show that absent a stay they will suffer irreparable harm.

### C.  Substantial Harm to ATN and the Public Interest

ATN does not argue that it will suffer substantial harm if the Allens' motions are granted, unless the Allens are not required to post a bond. However, that fact alone is insufficient to establish the Allens' right to a stay because they have failed to satisfy the first two elements.

Additionally, the public interest is not implicated in this case, as it involves private rights of private litigants.

## IV.  Conclusion

As the foregoing discussion illustrates, the Allens have failed to establish two of the four requirements for a stay pending appeal. Accordingly, the Allens' Renewed Motions for Stay Pending Appeal (381 Appeal Doc. 40; 731 Appeal Doc. 17) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 23rd day of February, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party